IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| CAREER DESTINATION DEVELOPMENT, LLC, a Kansas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>INDEED, INC., a Delaware corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.  13-cv-2486 JWL/JPO<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Career Destination Development, LLC, through its undersigned attorneys of record, files this Complaint against defendant Indeed, Inc., and states and alleges as follows:

### INTRODUCTION

1. This is a lawsuit for patent infringement.

2. This lawsuit stems from the flagrant theft of valuable intellectual property belonging to Career Destination Development, LLC ("Career Destination" or "Plaintiff").

3. This intellectual property consists of the specifications for a unique type of employment posting and searching website.

4. This employment posting and searching website allows employers and potential employees to post and search job postings and make application for employment.

5. Marc Vianello ("Vianello") developed the specifications for this website through years of painstaking research and experimentation, ultimately securing multiple United States patents. He assigned his interest in these patents to Career Destination, a company he formed for the purpose of commercializing this type of technology.

6. In complete disregard for Career Destination's intellectual property rights, defendant Indeed, Inc. ("Indeed" or "Defendant") put forth Vianello's invention as its own, seeking to profit from Vianello's efforts without giving him credit or compensation.

7. Defendant's actions have infringed and continue to infringe on Vianello's patents.

8. Accordingly, at a minimum, Career Destination seeks a reasonable royalty, together with such other and further relief is available under 35 U.S.C. § 285.

## PARTIES

9. Career Destination is a limited liability company organized and existing under the laws of the State of Kansas with a registered office at 5209 West 83rd Terrace, Prairie Village, Kansas 66207. Vianello organized Career Destination and his revocable trust is the sole member. Vianello invented the technology at issue in this case, obtaining multiple United States patents, including U.S. Patent Nos. 8,374,901, 7,424,438, and 7,797,181. These patents were assigned to Career Destination in March 2013. Career Destination possesses all rights, title and interest in these patents, including the right to sue for infringement. Career Destination is the developer of a website covered by these patents known as careerdestination.com.

10. Defendant Indeed is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 177 Broad Street, 6th Floor, Stamford, CT 06901. Indeed touts itself as "the #1 job site worldwide, with over 100 unique visitors per month." Indeed was founded in 2004 by Paul Forster and Rony Kahan, and is a subsidiary of Recruit Holdings Co., Ltd.

## JURISDICTION AND VENUE

11. This is a patent infringement action brought under the patent laws of the United States, 35 U.S.C. Section 1 *et seq*. Career Destination seeks damages for patent

infringement and an injunction preventing Indeed from making, using, selling, offering to sell, importing, or inducing others to use Career Destination's patented technology without its permission.

12. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has personal jurisdiction over Indeed because it has purposefully availed itself of the privilege of conducting business within this State and this district.

14. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims asserted herein occurred in this district, and Indeed has committed acts of infringement in this district.

## FACTUAL BACKGROUND

### *Marc Vianello and Career Destination Development*

15. Vianello attended college at the University of Missouri – Columbia. He graduated in 1975 with a Bachelor's of Science in Business Administration with a major in accountancy. He became a Certified Public Accountant in 1977.

16. Vianello spent the first part of his career working in public accounting. He interned with the firm of Peat Marwick Mitchell & Company (now known as KPMG LLP), and then took a full time position with the Kansas City office of Arthur Andersen & Company.

17. In 1980, Vianello left Arthur Andersen to become the Vice President of an oil and gas exploration company known as ENI Corporation. He remained in that capacity for just over a year, when he left to form his own oil and gas exploration company known as Remco Energy Corporation.

18. In 1987, while still operating Remco, Vianello went into business with his brother acquiring and managing apartment units. This business continued for several years, with Vianello ultimately owning approximately 500 units spread across five different properties.

19. In the early 1990s, as the real estate business began to draw to a close, Vianello and his brother founded a newspaper known as the *Kansas City Health Care Times*. The *Kansas City Health Care Times* focused on the healthcare industry, and sought to capture revenue from healthcare-specific classified advertising. Vianello operated this business until the late 1990s, when he discontinued publication of the newspaper and sold the classified advertising section to Sun Publications.

20. Around this time period Vianello formulated the idea for the invention that serves as the basis for this lawsuit.

21. As originally conceived the idea was to produce an Internet version of the *Kansas City Health Care Times* that contained healthcare-specific news and a classified advertising section. But competition from WebMD, which sought to cater to a similar clientele, made this idea unworkable. So Vianello shifted his focus to the classified advertising component and, more specifically, employment advertisements.

22. At first Vianello sought to create a digital job board that would solve the recruiting needs of hospitals. But in examining the recruiting needs of hospitals Vianello discovered that hospitals required such a broad array of workers to function—from nurses to cooks to janitors—that restricting his offering to hospitals made little sense. So he abandoned the hospital niche and began developing a broad-based recruiting tool for employers and prospective employees.

23.	Because there were a number of broad-based, digital job boards in the marketplace, he knew he had to offer something more—something different—to attract users. So, instead of creating a digital job board where employers could post advertisements for open positions (paying for each posting), he created a website that allows employers to list for free each and every position whether it is open or not.  When a particular position comes open, employers can make the position visible to prospective employees who might be searching the website.  An employer is charged a fee only if a prospective employee submits an application for an open position, and the employer chooses to receive the prospective employee's name and contact information.  Likewise, prospective employees can list their qualifications on the site, so they can be found by employers searching for qualified candidates.  The employer is charged only if it chooses to receive the prospective employee's name and contact information, and the prospective employee consents to the release of this information.

24.	To enhance searchability and increase the relevance of search results, information submitted to the site is standardized.  Borrowing from the United States Department of Labor's *Dictionary of Occupational Titles* and the North American Industrial Classification System, the website utilizes a tiered classification system of industries and occupations. Employers can search for prospective employees possessing a particular level of experience in a particular occupation in a particular industry, and prospective employees can delineate the precise nature of their work history.

25.	As Vianello continued to develop and refine his invention, he recognized the need to take steps to protect his invention from potential competitors.  This led him to apply for and obtain a series of patents:

a. Patent Application No. 10/101,644 was filed on March 19, 2002, and U.S. Patent No. 7,424,438 (the "'438 Patent") issued on September 9, 2008 (attached hereto as Exhibit A);

b. Patent Application No. 12/059,799 was filed on March 31, 2008, and U.S. Patent No. 7,797,181 (the "'181 Patent") issued on September 14, 2010 (attached hereto as Exhibit B); and

c. Patent Application No. 12/846,635 was filed on July 29, 2010, and U.S. Patent No. 8,374,901 (the "'901 Patent") issued on February 12, 2013 (attached hereto as Exhibit C).

26. These patents are all based on the same specifications but set forth different claims that embody different inventive aspect of the specifications.

27. In March 2013, Vianello assigned all rights, title and interest in these patents to the company he formed, Career Destination, for purposes of commercializing this technology.

28. This technology is incorporated in the website, careerdestination.com.

### *Indeed and Indeed.com*

29. Indeed is an aggregator, meaning it aggregates and gives job seekers simultaneous access to job information from thousands of company websites and job boards.

30. Indeed launched the Indeed.com website in beta form in November 2004.

31. Indeed completed beta testing of the Indeed.com website in March 2005, and began marketing it more broadly.

32. Over time, Indeed added enhancements to the Indeed.com website.

33. In 2006, Indeed started allowing employers to promote job openings on the Indeed.com site through pay-per-click advertisements.

34. In April 2008, Indeed started allowing job seekers to search for jobs by annual salary.

-6-

35. In September 2011, Indeed, introduced a tool it called Indeed Resume. Indeed described this new tool to the public as follows:

> Unlike the subscription-only resume databases of job boards, Indeed Resume is an open search engine. Searching for resumes is free and unrestricted and does not require an account. Employers can contact job seekers for free during the beta period.
>
> "With no up-front costs or per-seat licenses, Indeed Resume is for everyone from the small business owner looking to make one hire to the Fortune 500 company filling thousands of openings," said Hyams.
>
> Indeed Resume enables 1-click apply to select jobs on Indeed.com, and offers job seekers privacy protection that traditional resume databases lack. Initial contact is brokered by Indeed and personal contact information (phone number, email, and address) remains private until the job seeker chooses to share it.
>
> Searching for candidates is made possible using familiar "what" and "where" search boxes. Instant Search suggests common search terms and automatically displays results as you type. Resumes may be previewed without ever leaving the search results page, allowing employers to quickly view the details of candidates. Employers can set up unlimited saved searches and receive daily emails with new and updated resumes matching their search criteria. Indeed Resume represents a significant expansion of the company's services to employers and recruiters, building on its leadership as the #1 pay for performance recruitment advertising network.

36. Through Indeed Resume, employers searching for qualified candidates can specify certain threshold requirements, such as a certain number of years of work experience or level of education, so they only view résumés from candidates meeting those requirements.

## COUNT I:
## INFRINGEMENT OF THE '438 PATENT

37. Career Destination incorporates by reference the foregoing allegations as if fully set forth herein.

38. On information and belief, Indeed has committed and/or is continuing to commit direct acts of infringement of the '438 Patent under 35 U.S.C. § 271(a) by making,

using, selling, offering to sell a product that infringes one or more claims of the '438 Patent, without license or authority from Career Destination.

39. Career Destination has been damaged as a direct result of the infringement of the '438 Patent. Career Destination will continue to be damaged unless further infringement is enjoined.

40. Career Destination is entitled under 35 U.S.C. § 284 to an award of damages adequate to compensate Career Destination for Indeed's infringement of the '438 Patent. Career Destination is entitled to lost profits or, in the alternative, a reasonable royalty for the infringement and use made of the invention of the '438 Patent by Indeed, all together with interest and costs.

41. On information and belief, Indeed's past and continuing infringement of the '438 Patent has been and continues to be deliberate and willful.

42. Indeed's conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

## COUNT II: INFRINGEMENT OF THE '901 PATENT

43. Career Destination incorporates by reference the foregoing allegations as if fully set forth herein.

44. On information and belief, Indeed has committed and/or is continuing to commit direct acts of infringement of the '901 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell a product that infringes one or more claims of the '901 Patent, without license or authority from Career Destination.

45. Career Destination has been damaged as a direct result of the infringement of the '901 Patent. Career Destination will continue to be damaged unless further infringement is enjoined.

46. Career Destination is entitled under 35 U.S.C. § 284 to an award of damages adequate to compensate Career Destination for Indeed's infringement of the '901 Patent. Career Destination is entitled to lost profits or, in the alternative, a reasonable royalty for the infringement and use made of the invention of the '901 Patent by Indeed, all together with interest and costs.

47. On information and belief, Indeed's past and continuing infringement of the '901 Patent has been and continues to be deliberate and willful.

48. Indeed's conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

## WILLFUL INFRINGEMENT

49. Career Destination Development incorporates by reference his foregoing allegations as if fully set forth herein.

50. On information and belief, Indeed's past and continuing infringement of the '438 and '901 Patents has been deliberate and willful. Its conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284. Moreover, this is an exceptional case as set forth in 35 U.S.C. § 285 warranting an award of attorneys' fees.

## DEMAND FOR JURY TRIAL

Career Destination Development demands trial by jury on all issues so triable. Career Destination Development designates Kansas City, Kansas as the place of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Career Destination Development respectfully prays that this Honorable Court enter relief as follows:

  A. A judgment that Indeed has infringed the '438 Patent;

  B. A judgment that Indeed has infringed the '901 Patent;

  C. A judgment and order permanently restraining and enjoining Indeed and its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, using, selling, offering for sale, or importing any systems or products that infringe one or more claims of the '438 and '901 Patents, or otherwise directly or indirectly committing further acts of infringement of those patents;

  D. A judgment and order requiring Indeed to pay damages to Career Destination adequate to compensate it for defendant's wrongful infringing acts in accordance with 35 U.S.C. § 284;

  E. A judgment and order requiring Indeed to pay increased damages up to three times, in view of its willful and deliberate infringement of the '438 and '901 Patents;

  F. A finding in favor of Career Destination Development that this is an exceptional case under 35 U.S.C. § 285 and an award of Career Destination Development its costs, including reasonable attorneys' fees and other expenses incurred in connection with this action;

  G. A judgment and order requiring defendant to pay Career Destination Development pre-judgment interest under 35 U.S.C. § 284 and post-judgment interest under 28 U.S.C. § 1961 on all damages awarded; and

  H. Such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/ David L. Marcus*
David L. Marcus, KS Bar No. 18034
BARTLE & MARCUS LLC
1100 Main Street, Suite 2730
Kansas City, Missouri 64105
Telephone:  816- 285-3888
Facsimile:  816- 222-0534
Email:  dmarcus@bmlawkc.com

-and-

*/s/ James J. Kernell*
James J. Kernell, KS Bar No. 19559
ERICKSON, KERNELL, DERUSSEAU
& KLEYPAS, LLC
8900 State Line Road, Suite 500
Leawood, Kansas 66206
Telephone:  913-549-4700
Facsimile:  913-549-4646
E-Mail:  jjk@kcpatentlaw.com

*Attorneys for Plaintiff*
*Career Destination Development, LLC*