UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAREER DESTINATION
DEVELOPMENT, LLC,

          Plaintiff,

v.                                                    Case No. 13-2486-JWL

INDEED, INC.,

          Defendant.

# **ORDER**

Plaintiff Career Destination Development, LLC brings this litigation against defendant Indeed, Inc., alleging defendant has infringed U.S. Patent No. 7,424,438, "the '438 patent," and U.S. Patent No. 8,374,901, "the '901 patent." This matter is before the court on defendant's motion to stay the case pending review of the patents in suit (**ECF doc. 21**). Alternatively, defendant moves to stay the case pending the U.S. Supreme Court's decision in *CLS Bank Int'l v. Alice Corp. Pty. Ltd.*, 717 F.3d 1269 (Fed. Cir. 2013), *cert. granted*, 82 U.S.L.W. 3131 (U.S. Dec. 6, 2013) (No. 13-95).

This matter was filed on September 17, 2013 and is in the initial stages of discovery. In its answer and affirmative defenses to plaintiff's complaint (ECF doc. 12), defendant raises questions concerning the validity of the '438 patent and '901 patent. Defendant intends to file a petition for "post-grant review" before the U.S. Patent Office's ("PTO") Patent Trial and Appeal Board ("PTAB") pursuant to the Transitional

Program for Covered Business Method Patents ("CBM") no later than February 12, 2014. Defendant asks the court to stay this litigation pending the PTO's review of plaintiff's CBM patents.

A motion to stay an action pending reexamination by the PTO is within the sound discretion of the court.[1] "'[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of [the PTO]'s reexamination or reissuance proceedings.'"[2] Upon reexamination, the original patent may be upheld, invalidated, or amended.[3]

Plaintiff does not oppose the entry of a stay "if and when Indeed petitions for relief from the PTO."[4] Plaintiff agrees that entry of a stay will "save the parties from unnecessary effort and expense, and allow them to focus on the PTO proceedings."[5] However, plaintiff asserts that the case should move forward once the PTO has rendered its decision, even if the *Alice* case remains pending.

---

[1] *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, No. 96-2459, 1997 WL 94237, at *8 (D. Kan. Feb. 26, 1997) (citation omitted); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

[2] *See Id.* (quoting *ASCII Corp. v. STD Entm't USA*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)).

[3] 35 U.S.C. § 307.

[4] ECF doc. 23 at 1.

[5] *Id.* at 4.

In its reply, defendant reiterates that it intends to file its petitions for review with the PTO no later than February 12, 2014. Further, defendant asserts that in light of plaintiff's non-opposition, the court should stay this case pending the PTO's review of the patents at issue. However, defendant does not address plaintiff's argument that the case should move forward once the PTO has rendered its decision, regardless of the status of *Alice*.

After considering the evidence of record and the arguments presented by the parties, although they are not all discussed here, the court finds that a stay is warranted in this case pending an efficient review by the PTO of the patents at issue here. However, this stay is conditioned on defendant actually filing its petition with the PTO by the February 12, 2014 deadline set in paragraph 2(a) of the scheduling order.[6] Defendant shall file a certificate of compliance with an attached copy of the petition no later than **February 14, 2014.**

In addition, the court will not stay this action indefinitely. Therefore, upon a ruling by the PTO, or in any event no later than **August 12, 2014**, the parties shall report the status of the PTO review to the undersigned via e-mail sent to ksd_ohara_chambers@ksd.uscourts.gov. The court may reconsider the stay at that time.

IT IS SO ORDERED.

---

[6] *See* ECF doc. 19.

Dated February 11, 2014, at Kansas City, Kansas.

                                             s/ James P. O'Hara
                                             James P. O'Hara
                                             U. S. Magistrate Judge